Roger Hennagin, OSB #731344
roger@hennagin-lawyers.com
ROGER HENNAGIN, P.C.
8 North State Street, Suite 301
Lake Oswego, Oregon 97034
Telephone:  (503) 636-0400
Fax: (503) 636-8512

Attorneys for Plaintiff, Miles Clegg

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MILES CLEGG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., a Texas corporation; and ERNESTO AMAYA, an individual;<br><br>Defendants. | No.<br><br>COMPLAINT<br>[14 CFR 120.209; 14 USC § 1983; Contract; Wrongful Discharge; Intentional Interference with Contract]<br><br>**DEMAND FOR JURY TRIAL** |

For his claim against defendants, plaintiff alleges as follows:

**JURISDICTIONAL FACTS**

1.

Miles Clegg (Clegg) is an individual who, at all material times, resided in the State of Oregon.

2.

Southwest Airlines Co. (Southwest) is a Texas corporation, duly licensed to do business in the State of Oregon, with offices in Multnomah County, Oregon.

1 -    COMPLAINT

3.

Ernesto Amaya (Amaya) is an individual who, at all material times, resided in the State of Oregon.

4.

All transactions material to these claims for relief occurred in Multnomah County, Oregon.

**OPERATIONAL FACTS**

5.

At all times material to these claims Southwest was acting in the capacity of and as an alter ego for the federal government while it was subject to and required to enforce U.S. Department of Transportation and Federal Aviation Administration statutes and regulations relating to drug testing of its "safety-sensitive" employees.

6.

In its role of enforcing federal statutes and regulations Southwest adopted its own policies, procedures and regulations.  With regard to its responsibility for administering random drug tests to its safety-sensitive personnel, Southwest adopted a policy stating that employees who were selected for drug tests would be handed a written notice informing them of their selection at the time that they were orally instructed to submit to a drug test.  A copy of this policy is attached to this complaint, marked Exhibit A and incorporated by this reference.

/ / /

/ / /

/ / /

2 -       COMPLAINT

7.

Clegg began working for Southwest as a ramp agent at the San Jose, California airport on July 2, 2001.  Clegg was promoted to Operations Agent in 2005 and was transferred to the Portland Airport in 2008.

8.

On January 10, 2014, Clegg arrived at work approximately ten minutes before his scheduled start time.  During the interim while he was awaiting the start of his shift he realized that he was not actually well enough to work at that time.

9.

Clegg immediately went to Amaya and requested sick leave so that he could return home.  Amaya allowed Clegg to go home.

10.

That same evening, in a telephone conversation with one of Clegg's co-workers Amaya referred to Clegg as being "a bad egg."

11.

Clegg began using family medical leave as of January 11, 2014.

12.

While Clegg was on leave Southwest and Amaya prepared written reports which inaccurately described what had occurred on January 10, 2014.

13.

Southwest and Amaya falsely alleged that Clegg had been instructed to submit to a random drug test and falsely alleged that Clegg had refused to submit.

/ / /

3    -    COMPLAINT

14.

Neither Amaya nor anyone else handed Clegg a written notice on January 10, 2014, informing him that he had been selected for a drug test. Southwest violated its own policy established by Exhibit A.

15.

On February 12, 2014, the day that Clegg returned to work from medical leave, Southwest served him with a notice to appear at a fact-finding meeting on February 14, 2014, two days later.

16.

The fact-finding was conducted before a panel of employee representatives of management and labor at Southwest.

17.

At the fact-finding meeting on February 14, Southwest contended that Clegg should be discharged for refusing a drug test on January 10. Amaya testified in support of discharging Clegg alleging that Clegg had refused to submit to a drug test on January 10. Clegg denied that he had been instructed to submit to a drug test.

18.

Following the fact-finding meeting the panelists adopted Southwest's position. Clegg was informed that he would be discharged from Southwest's employ effective February 20, 2014.

19.

Clegg was discharged on February 20, 2014.

/ / /

4    -    COMPLAINT

## LIABILITY FACTS

### COUNT ONE - 14 CFR 120.209

20.

Section 120.209 of Title 14 of the Code of Federal Regulations requires that employers who are going to administer drug tests pursuant to U.S. Department of Transportation and Federal Aviation Administration Regulations give their employees notice that the drug test is required by that regulation.

21.

Southwest and Amaya both violated 14 CFR 120.209 when they failed to inform Clegg on January 10, 2014, that a drug test was going to be administered to him pursuant to 14 CFR 120.209.

22.

In the absence of providing formal notice that a drug test was scheduled pursuant to 14 CFR 120.209.  Southwest lacked any basis for discharging Clegg.

23.

As a direct result of Southwest's and Amaya's violations, Clegg has incurred economic damages consisting of lost wages, benefits and perquisites.

### COUNT TWO - Contract

24.

Exhibit A was adopted by Southwest to ensure that it fully complied with applicable federal laws and regulations.  By adoption of Exhibit A Southwest established a contractual commitment with its safety-sensitive employees that those

employees who had been selected for random drug tests would be handed a written notice informing them of their selection at the time that they were orally instructed to submit to a drug test.

25.

Neither Southwest nor Amaya handed Clegg a written notification of his selection for a random drug test on January 10, 2014. Their conduct breached Southwest's contractual commitment to Clegg.

26.

In the absence of written notification that he had been selected for a drug test Southwest lacked any basis for discharging Clegg.

27.

As a foreseeable result of Southwest's breach Clegg has incurred economic damages consisting of lost wages, benefits and perquisites.

### COUNT THREE - 42 USC § 1983

28.

Conducting random drug tests as an agent of the federal government constitutes a search of the person and a seizure of the person's urine or blood.

29.

Procedural due process requires that persons who are scheduled to be searched be given notice that a search is impending.

/ / /

/ / /

/ / /

6    -    COMPLAINT

30.

Southwest and Amaya both violated Clegg's right to due process when they failed and refused to give him written notice of an allegedly impending random drug test.

31.

Pursuant to 42 USC § 1983 Clegg is entitled to recover monetary damages for violation of his constitutional rights and privileges including both economic and non-economic damages..

32.

Pursuant to 42 USC § 1988 Clegg is entitled to recover his reasonable attorneys fees.

## COUNT FOUR - 42 USC § 1983

33.

Procedural due process as guaranteed by the Fifth Amendment of the U.S. Constitution requires that individuals who are accused of refusing to submit to random drug tests mandated by federal law be provided a means of challenging such allegations before an impartial fact-finder including the right to subpoena witnesses and the right to cross-examine adverse witnesses.

34.

Southwest failed to adopt the above processes and procedures when it adopted Exhibit A, thereby denying to Clegg his constitutional right to challenge the accusations that were being made against him.

/ / /

35.

Southwest violated 42 USC § 1983 in this regard.

36.

Pursuant to 42 USC § 1983 Clegg is entitled to recover monetary damages for violation of his constitutional rights and privileges

37.

Pursuant to 42 USC § 1988 Clegg is entitled to recover his reasonable attorneys fees.

## COUNT FIVE - WRONGFUL DISCHARGE

38.

Southwest's discharge of Clegg constituted the common law tort of wrongful discharge because Southwest discharged him for refusing to submit to a drug test without having given him notice that he was scheduled to undergo a drug test as required by 14 CFR 120.209 and Southwest's own policy on written notice of drug tests.

## COUNT SIX - INTENTIONAL INTERFERENCE WITH CONTRACT

39.

Amaya falsely accused Clegg of refusing to submit to a random drug test with the intent of inducing Southwest to discharge Clegg.

40.

As a result of Amaya's allegations Southwest did discharge Clegg.

41.

Amaya intentionally interfered with Clegg's employment.

8   -   COMPLAINT

42.

As a direct result of Amaya's conduct Clegg has incurred economic damages consisting of lost wages, benefits and perquisites.

43.

As a direct result of Amaya's conduct Clegg has incurred non-economic damages in a sum determined to be reasonable by a jury.

## DAMAGES

44.

Clegg is entitled to recover his foreseeable economic damages on all six counts.

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as follows:

A. For his economic damages in a sum to be proven with specificity at trial;

B. For his non-economic damages in a sum determined to be reasonable by a jury, not to exceed $50,000;

C. For whatever further relief the court determines to be just and equitable.

DATED this 8th day of January, 2016.

ROGER HENNAGIN, P.C.

 /s/ Roger Hennagin
Roger Hennagin, OSB #731344
Of Attorneys for Plaintiff, Miles Clegg

9   -   COMPLAINT